FILED'07 AUG 29 10:53USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER EASTMAN BROWN,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

02-CR-453-BR
(07-CV-70019-BR)

OPINION AND ORDER

CHRISTOPHER EASTMAN BROWN
P.O. Box 6
Nahcotta, WA 98637

        Petitioner, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
JENNIFER J. MARTIN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1087

        Attorneys for Respondent

1  -  OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Petitioner Christopher Eastman Brown's Motion for Writ of Error *Coram Nobis* (#102). For the reasons that follow, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

On February 14, 2003, the government issued a Superseding Information charging Petitioner with one count of Manufacturing Marijuana in violation of 21 U.S.C. § 841(a)(1) and one count of Criminal Forfeiture under 21 U.S.C. § 853.

On February 21, 2003, Petitioner entered into a Plea Agreement with the government that provided, among other things:

> I offer my plea of 'GUILTY' freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Superseding Information, and with a full understanding of the statements set forth in this Petition.

Pursuant to the Plea Agreement, Petitioner entered a guilty plea on both counts of the Superseding Information at a hearing on February 21, 2003. At that hearing, the Court reviewed with Petitioner the waiver that was part of the Plea Agreement and its implications as follows:

> THE COURT: You're also giving up your right, in some respects, to bring a so-called habeas corpus challenge to your prison sentence.
>
> A habeas challenge arises after the exhaustion of all direct appeals, when a prisoner contends he is held in federal

>          custody in violation of a federal
>          constitutional right. Okay?
>
>          Here, if you had a claim based on the fact
>          that Mr. Sady was ineffective --
>          constitutionally ineffective in his
>          representation of you, or there was newly
>          discovered evidence, or some explicitly
>          retroactive change in the applicable
>          sentencing guidelines statutes or conviction
>          statutes occurred, you would have the rights
>          to challenge that in a habeas type of
>          challenge.

THE DEFENDANT: I understand.

THE COURT: And in no other event could you bring a habeas proceeding.

THE DEFENDANT: I understand.

On May 2, 2003, the Court sentenced Petitioner to a term of imprisonment of 51 months and three years of supervised release.

On April 27, 2004, Petitioner filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 on the grounds that (1) he was denied effective assistance of counsel and (2) the Court enhanced his sentence in violation of the Sixth Amendment and contrary to the Supreme Court's holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). On January 18, 2005, the Court denied Petitioner's Motion to Vacate or Correct Sentence on the ground that Petitioner voluntarily entered into a Plea Agreement on competent advice of counsel and waived any future challenge to his conviction. The Court also declined to apply *Blakely* retroactively to Petitioner's case.

3 - OPINION AND ORDER

On February 18, 2005, Petitioner filed a Notice of Appeal with the Ninth Circuit. On June 9, 2005, the Ninth Circuit denied Petitioner's Request for a Certificate of Appealability.

On April 10, 2007, Petitioner filed a Motion for Early Termination of Supervised Release. The Court granted the Motion on April 25, 2007. Petitioner, therefore, is no longer in custody.

On June 21, 2007, Petitioner filed a Motion for Writ of *Coram Nobis* in which he challenges his conviction on the ground that the Attorney General has not promulgated rules and regulations relating to the registration and control of the manufacture, distribution, and dispensing of controlled substances for "nonregistrants" such as Petitioner, and, therefore, there are not any implementing regulations that provide a statutory penalty to which Petitioner could have pled guilty in this matter.

## DISCUSSION

"The writ of error *coram nobis* affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994)(citing *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989)).

> The petition fills a very precise gap in federal criminal procedure. A convicted defendant in

4 - OPINION AND ORDER

> federal custody may petition to have a sentence or conviction vacated, set aside or corrected under the federal habeas corpus statute, 28 U.S.C. § 2255. However, if the sentence has been served, there is no statutory basis to remedy the lingering collateral consequences of the unlawful conviction. Recognizing this statutory gap, the Supreme Court has held that the common law petition for writ of error *coram nobis* is available in such situations.

*Id.* (citations omitted).

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review [through *coram nobis*] should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Woykovsky v. United States*, 309 F.2d 381, 385 (9th Cir. 1962)(quotation omitted).

## I. Petitioner's Waiver of His Right to Attack His Sentence Collaterally.

The Ninth Circuit has held a defendant may expressly waive his right to appeal or to seek post-conviction relief as long as the defendant makes the waiver knowingly and voluntarily. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994)("A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly."). Subject to exceptions not relevant here, Petitioner expressly waived his right to attack his sentence collaterally through a § 2255 petition. According to Respondent, therefore, Petitioner also waived his right to bring a *coram nobis* attack on his sentence.

5 - OPINION AND ORDER

Although the Ninth Circuit has noted "a petition for writ of error *coram nobis* is a collateral attack on a criminal conviction," *Telink*, 24 F.3d at 45, Respondent does not cite any cases nor could this Court find any cases that support the conclusion that waiver of the right to attack a sentence collaterally through a § 2255 petition also serves as a waiver of the petitioner's right to attack his sentence through *coram nobis*.

Accordingly, the Court declines to deny Petitioner's Motion on the ground that he expressly waived his right to bring a *coram nobis* action.

## II. Petitioner's Claims

> [T]o qualify for *coram nobis* relief, four requirements must be satisfied: . . . (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Estate of McKinney v. United States*, 71 F.3d 779, 781-82 (9th Cir. 1995)(internal citations and quotations omitted).

### A. Petitioner's Earlier Attack on His Conviction

As noted, Petitioner attacked his conviction earlier through a § 2255 petition. In that Petition, he did not raise the issue of the absence of rules and regulations that provide a statutory penalty for the conduct Petitioner was charged with

committing.  The Court notes Petitioner does not rely on newly discovered evidence, cite to a change in the law, or provide any other reason for failing to raise the issue in his § 2255 petition.  Because Petitioner waived his right to attack his sentence collaterally on grounds other than constitutionally ineffective representation, newly discovered evidence, or an explicitly retroactive change in the applicable statutes, the Court declines to allow Petitioner to circumvent the substance of his Plea Agreement by collaterally attacking his sentence in a *coram nobis* action when he was prohibited from doing so in a § 2255 petition.

     **B.**    **Petitioner Has Not Established an Error of "the Most Fundamental Character."**

     As noted, Petitioner contends the Attorney General has not promulgated rules and regulations relating to the registration and control of the manufacture, distribution, and dispensing of controlled substances for "nonregistrants" such as Petitioner, and, therefore, there are not any implementing regulations that provide a statutory penalty to which Petitioner could have pled guilty in this matter.

     Courts have rejected arguments similar to those of Petitioner and have concluded Congress validly passed 21 U.S.C. § 841 into law:  *i.e.*, it was signed by the President, duly enacted, and provides a valid basis for conviction.  *See, e.g., United States v. Romig*, No. 00CR355JMR/RLE, 03-CV-2640(JMR), 2003

7 - OPINION AND ORDER

WL 22143730, at *1 (D. Minn. Aug. 18, 2003); *United States v. Boggs*, 06-254-KKC, 2007 WL 433076, at *13 (E.D. Ky. Feb. 2, 2007); *United States v. Walker*, Nos. 94-488, 99-584, 2000 WL 378532, at *12-13 (E.D. Pa. Apr. 4, 2000). This Court agrees with the reasoning and conclusions of the *Romig*, *Boggs*, and *Walker* courts. In addition, the Court notes Petitioner's conviction is based on violations of statutory provisions rather than regulations. The Court, therefore, concludes Petitioner's claims are without merit. *See, e.g., Walker*, 2000 WL 378532, at *12-13.

Accordingly, the Court denies Petitioner's Motion for Writ of *Coram Nobis*.

### CONCLUSION

For these reasons, the Court **DENIES** Petitioner Brown's Motion for Writ of Error *Coram Nobis* (#102).

IT IS SO ORDERED.

DATED this 29th day of August, 2007.

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER